# UNITED STATES DISTRICT COURT
для the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Troy Nix<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)      5:22-mj-1092-PRL<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 3, 2022__ in the county of __Lake__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1) 18 U.S.C. Sec. 922(g)(1) | 1) Possession of a firearm affecting commerce by a convicted felon |
| 2) 21 U.S.C. Sec. 841(a)(1) | 2) Possession with intent to distribute heroin |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Brooke Zimmerman*

*Complainant's signature*

Special Agent Brooke Zimmerman, ATF

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/12/2022

*Judge's signature*

City and state: Ocala, Fl

Philip R. Lammens, U.S. Magistrate Judge

*Printed name and title*

STATE OF FLORIDA                                         CASE NO.  5:22-mj-1092-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brooke Zimmerman, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C § 2510(7), and I am empowered to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516.

2. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I am currently assigned to the Orlando III Field Office. I have been employed as a SA with ATF since July 2014. I completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC") in 2014. I completed Special Agent Basic Training at the ATF National Academy, also located at FLETC, in February 2015. In addition, I have received specialized training in the acquisition and examination of digital media devices. Since joining the ATF, I have assisted in multiple investigations that involved observing controlled buys of controlled substances and firearms, surveillance, firearms trafficking, straw purchases, arson, and explosive incidents. I have a Bachelor of Science Degree in Political Science-International Studies and a Master of Science Degree in Criminal Justice.

3.  I have received training concerning violations of the Gun Control Act, within Title 18 of the United Stated Code; violations of the National Firearms Act, within Title 26 of the United States Code; and various narcotics violations within Title 21 of the United States Code. In addition, I have received training regarding the following topics, although this list is not exhaustive: surveillance; interviewing; writing of warrants; handling of evidence; arrest procedures; search procedures and testifying in court. Since graduating from the Academy, I was assigned to the ATF Boise Field Office until December 2019. I was then transferred to the ATF Orlando III Field Office. At both Field Offices I have been tasked with investigating gun trafficking, narcotics trafficking, organized crime, street gangs, and other types of violent crime.

4.  This affidavit contains information that I personally know and/or other law enforcement officers have provided to me. It is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PURPOSE OF AFFIDAVIT

5.  This affidavit is being submitted for the purpose of establishing probable cause in support of a criminal complaint for TROY NIX (NIX) for violations of 18 U.S.C. § 922(g)(1), possession of a firearm affecting commerce by a convicted felon, and 21 U.S.C. § 841(a)(1), possession with intent to distribute narcotics (heroin).

## PROBABLE CAUSE

6. In May 2022, I received information from an ATF confidential informant that NIX was possibly violating federal firearm and narcotics laws. The CI has received payment in exchange for his/her cooperation. To date, information provided by the CI has been corroborated by law enforcement. The CI is, therefore, a reliable source of information for ATF.

7. After reviewing NIX's criminal history, I was able to determine that he was prohibited from possessing firearms due to the following state felony convictions:

   a. **Unlawful Use of a Two-Way Communication Device** and **Conspiracy to Commit the Purchase of Cocaine** (2014);

   b. **Felony Battery** (2015);

   c. **Possession of Cannabis with Intent to Sell** and **Possession with Intent to Sell within 1000 feet of a Place of Worship, Building/School** (2016);

   d. **Fleeing or Attempting to Elude—3rd Degree** (2018); and,

   e. **Possession of Cocaine with Intent to Sell within 1000 feet of a Place of Worship, Building/School** (2019).

Florida Department of Correction Records also show that NIX has served at least three years in prison on some of his felony convictions. Based on the length of these sentences, as well as the number and nature of his felony convictions, NIX was aware at the time of the events described in this affidavit that he previously had been convicted of an offense punishable by more than a year of imprisonment.

3

Furthermore, the Florida Office of Executive Clemency has confirmed that NIX never has had his civil right to keep and bear firearms and ammunition restored by executive clemency.

8. On or about June 1, 2022, an ATF undercover officer ("UC") contacted NIX via telephone and arranged the purchase of a 9mm pistol and a half ounce of heroin from him. NIX advised the UC that the price of the firearm would be $350 and the half ounce of heroin would cost an additional $750.

9. On or about June 2, 2022, the UC contacted NIX and confirmed the purchase would take place the following day. NIX provided the UC with a specific address on Lincoln Avenue in Mount Dora, Florida, to conduct the deal.  This location is in Lake County, within the Middle District of Florida.

10. On or about June 3, 2022, the UC observed NIX arrive at the target location in a gold sedan and park near the UC. The UC observed NIX exit the gold sedan and briefly enter a unit at the agreed upon address. After a short time, NIX exited the unit and sat in the passenger seat of the UC's vehicle where he sold a Hi-Point, Model C9, 9mm caliber pistol, serial number P1714637, to the UC for $350. After the sale of the firearm, NIX made a phone call in the presence of the UC to an unknown male who was going to provide the drugs. The UC advised he would come back to the same location to purchase the drugs when they were available.

11. Approximately 30 minutes after departing, the UC received a phone call from NIX advising that his source shortly would be at the agreed upon address for the drug transaction. The UC then travelled back to the address on Lincoln

Avenue and parked. After a short time, a dark-colored pickup truck pulled up next to the UC's vehicle. The UC observed NIX exit the passenger side of the pickup truck and enter the UC's vehicle. NIX presented a small, clear plastic bag of suspected heroin to the UC. Based on the UC's training and experience, the substance also appeared consistent with heroin. After a brief conversation, the UC provided NIX with $750 for the drugs. Once NIX had exited the UC's vehicle, the UC departed and travelled to a pre-determined meeting location to meet with fellow law enforcement personnel.

12. Upon the conclusion of the operation, I learned that the Hi-Point firearm had been reported stolen out of Lake County, Florida in 2021. The firearm and drugs purchased from NIX are now being stored by ATF in a secure evidence locker.

13. On or about June 9, 2022, the UC again contacted NIX and arranged the purchase of an additional three ounces of heroin. NIX advised that this amount of drugs would cost $4,000. NIX and the UC later agreed to complete the transaction on or about June 10, 2022, at the same address on Lincoln Avenue in Mount Dora. However, rather than complete the transaction, ATF SAs surveilled NIX and placed him under arrest on June 10, 2022, for the earlier firearm and heroin offenses.

14. In my training and experience, I know that the Hi-Point firearm sold by NIX was manufactured in Ohio. Since it was recovered in the Middle District of Florida, it has travelled in and affected interstate commerce.

## CONCLUSION

15. Based upon the foregoing, I believe there is probable cause that NIX has violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). Therefore, I respectfully request the issuance of this federal criminal complaint.

Respectfully submitted,

*Brooke Zimmerman*
_____
Brooke Zimmerman
Special Agent, ATF


Sworn to and subscribed before me this 12th day of June, 2022.

_____
PHILIP R. LAMMENS
UNITED STATES MAGISTRATE JUDGE

6